IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BINNALL LAW GROUP PLLC<br>717 King Street, Suite 200<br>Alexandria, Virginia 22314,<br><br>   Plaintiff,<br><br>v.<br><br>BRENDA LINNEMANN<br>1306 Moore Place SW<br>Leesburg, Virginia 21075,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Binnall Law Group PLLC for its complaint against Brenda Linnemann for defamation states as follows:

1. In November 2021, Brenda Linnemann ("Linnemann") publicly defamed Binnall Law Group PLLC ("BLG") via a Google review by falsely claiming that BLG "LITERALLY DID NOTHING BUT WRITE 2 LETTERS ANDPOCKET [sic] MONEY. DO NOT CONSIDER THEM!" (emphasis appeared in the original review).

2. Linnemann knew that her statements were false.

3. Linnemann published these lies to cause financial harm to BLG.

4. BLG brings this action to clear its name and reputation.

### Parties

5. Brenda Linnemann is an individual who resides in Leesburg, Virginia.

6. Binnall Law Group PLLC is a Virginia limited liability partnership, with its principal address at 717 King Street, Suite 200, Alexandria, Virginia 22314. BLG is a PLLC whose sole member resides in Naples, Florida.

## Jurisdiction

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. Defendant Linnemann is domiciled in Virginia, while BLG is domiciled in Florida. Further, the amount in controversy is greater than $75,000. Thus, this court has diversity jurisdiction over this action.

8. Defendant Linnemann is subject to personal jurisdiction within the Commonwealth of Virginia for purposes of the Constitution's Due Process Clause and the Commonwealth's long-arm statute because Defendant Linnemann resides within the Eastern District of Virginia.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), and the events giving rise to these claims have occurred in, or otherwise touch and concern, the Eastern District of Virginia.

## Factual Background

10. Linnemann has never been a client of BLG.

11. Her daughter, however, was a client of BLG.

12. BLG represented Linnemann's daughter pursuant to its Representation Agreement with her daughter.

13. In December 2021, Linnemann publicly posted on Google a review of BLG's website: "they LITERALLY DID NOTHING BUT WRITE 2 LETTERS

ANDPOCKET [sic] MONEY.  DO NOT CONSIDER THEM!" (emphasis appeared in the original review). *See* Exhibit A.

14. Linnemann knew this was not true.

15. Linnemann posted her lies on a public platform to cause BLG financial harm.

16. The review is still published and is seen by every person who Googles BLG and reads its reviews.

17. As a result of Linnemann's misleading, false statements, BLG suffered reputational damage, insult, pain, embarrassment, humiliation, anxiety, loss of income, and expenses.

## COUNT I
## Defamation

18. BLG incorporates by reference the above paragraphs as though set forth fully herein.

19. Linnemann published and purposely caused to be published false and defamatory statements on Google, a global platform, which did and had the tendency to harm BLG and its reputation.

20. These statements, particularly the phrase "pocketed money," imply that BLG did not perform valuable legal services and took unearned money.

21. The defamatory statements on Google are false.

22. Linnemann published the defamatory statements on Google, knowing they were false or with reckless disregard for the truth of the statements.

23. At the very least, Linnemann was negligent in making her statements because she was in communication with her daughter about the legal representation and should have known the services BLG was providing.

24. Linnemann's statements on Google were defamatory because the intention was to injure BLG's reputation, affecting its business by accusing BLG of keeping unearned monies and not performing work.

25. The defamatory statements have directly and proximately caused BLG to suffer significant damages, including pecuniary damages, damage to its reputation, and humiliation, all of which are ongoing in nature and will be suffered in the future. These damages were foreseeable to Linnemann.

26. Linnemann, because of her displeasure with the outcome of the legal representation of her daughter, published the defamatory statements knowingly, intentionally, willfully, wantonly, and maliciously with intent to harm BLG, or in blatant disregard for the substantial likelihood of causing BLG harm, thereby entitling BLG to an award of damages and punitive damages.

27. As a direct and proximate result of Linnemann's conduct, and the likelihood that it could occur again, BLG is entitled to an injunction requiring Linnemann to remove her defamatory post and prevent Linnemann from making such defamatory remarks in the future.

28. Further, as a direct and proximate result of Linnemann's conduct, BLG is entitled to compensatory, special, and punitive damages in an amount to be proven at trial of $800,000.00.

## COUNT II
### Defamation *Per Se*

29. BLG incorporates by reference the above paragraphs as though set forth fully herein.

30. Linnemann's defamatory statements about BLG–that it provided improper legal services and kept unearned monies–are defamatory *per se* because it imputes a want of integrity in the discharge of its duties, and certainly prejudices it in ongoing and future client engagements.

31. As a law firm with fiduciary and loyalty duties to its clients, an accusation that implies that BLG essentially steals from its clients, that it "pockets" unearned money, and that it does not perform the legal services for which it was paid, imputes a want of integrity in the discharge of its duties and prejudices BLG in the legal profession.

32. BLG is entitled to relief for the resulting damages to its reputation, which is ongoing in nature and will be suffered in the future.

33. Linnemann, because of her displeasure with the outcome of the legal representation of her daughter, published the defamatory statements knowingly, intentionally, willfully, wantonly, and maliciously with intent to harm BLG, or in blatant disregard for the substantial likelihood of causing BLG harm, thereby entitling BLG to an award of damages and punitive damages.

34. As a direct and proximate result of Linnemann's conduct, and the likelihood that it could occur again, BLG is entitled to an injunction requiring

Linnemann to remove her defamatory post and prevent Linnemann from making such defamatory remarks in the future.

35. Further, as a direct and proximate result of Linnemann's conduct, BLG is entitled to compensatory, special, and punitive damages in an amount to be proven at trial of $800,000.00.

## Prayer for Relief

**WHEREFORE**, Plaintiff Binnall Law Group PLLC, by counsel, demands against Brenda Linnemann:

a. Damages in amount not less than $500,000.00;

b. Punitive damages in the amount of $300,000.00;

c. Injunctive relief, requiring her to remove her defamatory post and prevent her from making such defamatory remarks in the future; and

d. For any such further relief that this Court deems just, equitable, and proper.

## Jury Demand

Binnall Law Group demands a jury trial on all issues so triable.

Dated: October 28, 2022                                BINNALL LAW GROUP, PLLC
                                                       By Counsel


                                                       /s/ Jared J. Roberts
                                                       Jared J. Roberts, VSB No. 97192
                                                       Jason C. Greaves, VSB No. 86164
                                                       BINNALL LAW GROUP, PLLC
                                                       717 King Street, Suite 200
                                                       Alexandria, Virginia.22314
                                                       Phone: (703) 888-1943
                                                       Fax: (703) 888-1930
                                                       Email: jared@binnall.com
                                                              jason@binnall.com

                                                       *Counsel for Plaintiff*
                                                       *Binnall Law Group PLLC*